1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT DANA,

11          Petitioner,                    No. CIV S-05-1480 LKK DAD P

12       vs.

13   TERESA A. SCHWARZ, Warden,

14          Respondent.                    ORDER

15   _____/

16          Petitioner, a state prisoner represented by counsel, has filed a petition for writ of

17   habeas corpus in which he raises legal issues related to parole.  By order filed August 18, 2005,

18   respondent was directed to file a response to the petition within thirty days.  On August 18, 2005,

19   the order was served electronically on Jennifer A. Neill, Lead Supervising Deputy Attorney

20   General of the Correctional Law Section and the docketing clerk for that section at "doj.ca.gov."[1]

21   On August 24, 2005, the petition and all attachments were served electronically on Jennifer A.

22   Neill and the docketing clerk, as well as "ECFCoordinator" and "Wendy.Odonnell," all at

23

24          [1]  On January 20, 2005, Ms. Neill advised the court that "[t]he Correctional Law Section
     (CLS) handles petitions raising legal issues related to . . . parole" and requested that the court "send
25   service documents, courtesy copies of orders, and any other pre-service orders to which a response
     from the Attorney General's Office is necessary to the following e-mail addresses:
26   jennifer.neill@doj.ca.gov and docketingSACCLS@doj.ca.gov."

1   "doj.ca.gov." No response was filed.  On October 3, 2005, the court ordered respondent to file a

2   declaration showing good cause for her failure to respond to the petition.  The order to show

3   cause was served on Jennifer A. Neill, the docketing clerk, and the ECF coordinator.  Again no

4   response was filed.  After petitioner filed a motion for entry of default, respondent filed

5   opposition to the motion together with a motion for an extension of time nunc pro tunc to

6   respond to the court's order to show cause and to file a response to the habeas petition.

7   Respondent subsequently filed a motion to dismiss, which is set for hearing on January 6, 2006.

8   Petitioner has requested that the motion to dismiss be submitted without oral argument.

9            In his motion for entry of default pursuant to Rule 55(b)(2) of the Federal Rules of

10   Civil Procedure, petitioner contends that respondent's failure to file a timely answer to the habeas

11   petition is a complete failure to defend, that such failure is a concession to the merits of the

12   habeas petition, and that a writ of habeas corpus should be issued.  Petitioner's contentions lack

13   merit.  The Federal Rules of Civil Procedure may be applied to federal habeas petitions only to

14   the extent that those rules are not inconsistent with the Rules Governing § 2254 Cases in the

15   United States District Courts and only when appropriate.  Rule 11, Rules Governing § 2254

16   Cases.  The Ninth Circuit has held that it is not appropriate to apply Fed. R. Civ. P. 55 to habeas

17   corpus petitions and that "[t]he failure to respond to claims raised in a petition for habeas corpus

18   does not entitle the petitioner to default judgment."  Gordon v. Duran, 895 F.2d 610, 612 (9th

19   Cir. 1990).  The district court cases and treatise cited by petitioner do not demonstrate otherwise.

20   Petitioner's motion for entry of default will be denied.

21            In support of respondent's motion for an extension of time nunc pro tunc to

22   respond to the court's order to show cause and to file a response to the habeas petition,

23   respondent's counsel offers a declaration stating that the Attorney General's Office was unaware

24   of the orders filed August 18, 2005, and October 3, 2005, until the office received petitioner's

25   motion for entry of default, which was served by petitioner's counsel on an attorney in the

26   Appeals, Writs, and Trials Section of the Attorney General's Office, which handled the appeal of

2

1   petitioner's criminal conviction.  Respondent states that the court's orders were not properly

2   processed due to the large volume of mail received by the Attorney General's Office, as well as

3   staff changes and absences, and that as a result of the improper processing this case was not

4   assigned to counsel and calendared for a response.  Respondent blames the oversight in part on

5   the court's alleged failure to serve the August 18, 2005 order on the docketing clerk for the

6   Correctional Law Section.[2]  Respondent requests a nunc pro tunc extension of time to December

7   2, 2005, to file a response to the habeas petition, and a nunc pro tunc extension of time to

8   November 10, 2005, to file a response to the court's order to show cause.

9              The court will grant the requested extensions of time.  The Office of the Attorney

10  General should advise the court immediately, by e-mail addressed to Keith Holland, Operations

11  Manager, if Jennifer A. Neill is no longer the person designated to accept initial service of court

12  orders and habeas petitions raising legal issues related to conditions of confinement, post-

13  sentencing credits, prison discipline, and parole.

14             Upon consideration of petitioner's opposition to the scheduled hearing of

15  respondent's motion to dismiss, the court finds good cause to take the motion under submission

16  upon the record and briefs on file.  See Local Rule 78-230(h).

17             Accordingly, IT IS HEREBY ORDERED that:

18             1.  Petitioner's October 30, 2005 motion for entry of default is denied;

19             2.  Respondent's November 10, 2005 motion for extensions of time nunc pro tunc

20  is granted;

21             3.  Respondent's November 10, 2005 declaration in response to order to show

22  cause is deemed timely, and the court's October 3, 2005 order to show cause is discharged;

23

---

24        [2]  The court's notice of electronic filing shows that the order filed August 18, 2005, was sent
     electronically on that date to Jennifer Neill and the docketing clerk for SACCLS, and that the habeas
25   petition and all attachments were sent electronically on August 24, 2005, to Jennifer Neill and the
     docketing clerk for SACCLS, as well as "ECFCoordinator" and "Wendy.Odonnell," all at
26   "doj.ca.gov."

1         4. Respondent's December 2, 2005 motion to dismiss is deemed timely, and the

2   motion is taken under submission upon the record and briefs on file; and

3         5. Respondent's December 2, 2005 motion to dismiss is dropped from the

4   January 6, 2006 law and motion calendar.

5   DATED: January 5, 2006.

6

7   DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

8   DAD:13
   dana1480.mots

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26