IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT DANA,

    Petitioner,                   No. CIV S-05-1480 LKK DAD P

    vs.

TERESA A. SCHWARTZ, Warden,

    Respondent.                ORDER

_____/

        Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging a decision of the California Board of Parole Hearings[1] on March 10, 2004, finding petitioner unsuitable for parole and denying him a parole date. The matter is before the court on respondent's motion to dismiss the action for lack of subject matter jurisdiction.

        Respondent asserts that petitioner does not possess a federal liberty interest in parole under California's parole scheme. Respondents rely on Sass v. California Board of Prison Terms, 376 F. Supp. 2d 975 (E.D. Cal. 2005), in which the district court held that California

---

[1] Effective July 1, 2005, California's Board of Prison Terms was abolished and replaced with the Board of Parole Hearings. Cal. Penal Code § 5075(a) (West 2006) ("As of July 1, 2005, any reference to the Board of Prison Terms . . . refers to the Board of Parole Hearings.").

prisoners do not have a liberty interest in parole.  The Ninth Circuit has ruled that the district court's holding in Sass was based on a misreading of In re Dannenberg, 34 Cal. 4th 1061 (2005). Sass v. California Board of Prison Terms, ___ F.3d ___, No. 05-16455, 2006 WL 2506393, at *3 (9th Cir. Aug. 31, 2006).  The Ninth Circuit concluded that "Dannenberg does not explicitly or implicitly hold that there is no constitutionally protected liberty interest in parole." Id. Accordingly, "California inmates continue to have a liberty interest in parole after In re Dannenberg." Id. at *1.  Under clearly established Supreme Court authority, "'California's parole scheme gives rise to a cognizable liberty interest in release on parole.'" Id. at *3 (quoting McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002)).  The liberty interest exists even for prisoners who have not already been granted a parole date. Id. (citing Biggs v. Terhune, 334 F.3d 910, 915 (9th Cir. 2003)).

In light of the Ninth Circuit's holding in Sass, IT IS HEREBY ORDERED that:

1. Respondent's December 2, 2005 motion to dismiss is denied;

2. Petitioner's May 16, 2006 motion for judicial notice of additional points and authorities is denied as moot;

3. Respondent shall file and serve a new response to petitioner's habeas petition within thirty days after this order is filed.  See Rule 4, Fed. R. Governing § 2254 Cases.  An answer to the petition shall be accompanied by all transcripts and other documents relevant to the issues presented in the habeas petition.  See Rule 5, Fed. R. Governing § 2254 Cases;

4. If the new response to petitioner's habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after the answer is served; any motion for an evidentiary hearing shall be filed and served concurrently with petitioner's reply to the answer;

5. If the new response to petitioner's habeas petition is a motion, the motion shall be noticed and briefed in accordance with Local Rule 78-230(b), (c), and (d); and

/////

6. All motions shall be noticed for hearing before the undersigned on a regularly scheduled law and motion calendar. Parties may appear at the hearing telephonically; to arrange telephonic appearance, a party shall contact Pete Buzo, the courtroom deputy to the undersigned, at (916) 930-4128 no later than three days prior to the hearing.

DATED: September 1, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
dana1480.sassmtd